UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARGARET KEATE,<br><br>      Plaintiff and Counterclaim<br>      Defendant,<br><br>v.<br><br>WALKER W. WRIGHT,<br><br>      Defendant and Counterclaimant. | **MEMORANDUM DECISION AND<br>ORDER DENYING MOTION TO AMEND<br>SCHEDULING ORDER<br>(DOC. NO. 52)** |
| WALKER W. WRIGHT,<br><br>      Third-party Plaintiff,<br><br>v.<br><br>ALEXANDRA ANDERSON<br><br>      Third-party Defendant. | Case No.  2:23-cv-00305<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Walker W. Wright filed a motion to amend the scheduling order,

seeking to extend fact discovery and to permit expert discovery.[1]  Plaintiff Margaret

Keate and Third-party Defendant Alexandra Anderson oppose the motion, arguing

(1) Mr. Wright failed to show good cause to extend fact discovery and (2) the parties

waived expert witness testimony in the current, stipulated scheduling order.[2]  Mr. Wright

---

[1] (Mot. to Amend Scheduling Order ("Mot."), Doc. No. 52.)  Mr. Wright also seeks a corresponding extension of the deadline to file dispositive motions.

[2] (*See* Margaret Keate's and Alexandra Anderson's Mem. in Opp'n to Walker Wright's Mot. to Amend Scheduling Order ("Opp'n"), Doc. No. 57.)

filed a reply,[3] and the court held a hearing on the motion.[4]  At the hearing, Mr. Wright withdrew his request to extend fact discovery but maintained his request to permit expert discovery, arguing there was no waiver.[5]

Mr. Wright's motion to amend the scheduling order is denied.  The motion is denied as moot as to the request for an extension of fact discovery, where Mr. Wright withdrew this request at the hearing.  As for expert discovery, as explained below, Mr. Wright represented in the attorney planning meeting report that expert testimony was unnecessary, and he expressly waived identification of expert witnesses in the stipulated, amended scheduling order entered in June 2024.  And regardless of any waiver, Mr. Wright has failed to show good cause to amend the scheduling order to permit expert discovery at this stage of the case.  Therefore, the motion is denied. Because the deadline to file dispositive motions passed while this motion was pending,[6] the court will permit Mr. Wright to file a dispositive motion within fourteen days of the date of this order.

<u>BACKGROUND</u>

Ms. Keate brought this case against Mr. Wright in May 2023, alleging he fraudulently transferred funds from a company bank account controlled by Ms. Keate to

---

[3] (Walker Wright's Reply in Supp. of Mot. to Amend Scheduling Order ("Reply"), Doc. No. 59.)

[4] (*See* Min. Entry, Doc. No. 61.)

[5] (*See id.*)

[6] Ms. Keate filed a motion for summary judgment, (*see* Doc. No. 54), but Mr. Wright did not.

his personal account, by misrepresenting himself as a current member of the company.[7] A scheduling order[8] was entered on September 25, 2023, based on the parties' joint motion for a scheduling order[9] and attorney planning meeting report.[10]

As relevant here, the attorney planning meeting report signed by counsel for both parties stated: "Neither party presently contemplates a need for independent retained expert testimony."[11]  Likewise, the scheduling order entered based on the parties' joint proposal did not include any deadlines for expert disclosures, reports, or discovery—it indicated such deadlines were not applicable.[12]  The scheduling order set a fact discovery deadline of February 2, 2024, and a deadline to file dispositive motions a month later.[13]  The order also set a deadline to request a scheduling conference for the purpose of setting a trial date one week after a ruling on dispositive motions, or one week after the deadline to file such motions if none were filed.[14]

On January 2, 2024, Mr. Wright amended his pleadings to add counterclaims against Ms. Keate and third-party claims against Ms. Keate's daughter, Alexandra

---

[7] (*See* Compl. ¶¶ 6–8, 17, Doc. No. 1.)

[8] (Doc. No. 13.)

[9] (Doc. No. 12.)

[10] (Doc. Nos. 10, 12-1 (duplicate).)

[11] (Att'y Plan. Meeting Rep. 4, Doc. No. 10.)

[12] (Scheduling Order 3, Doc. No. 13.)

[13] (*Id.* at 2–3.)

[14] (*Id.* at 3–4.)

Anderson—asserting claims for unjust enrichment and identity theft.[15]  After Ms.
Anderson (represented by Ms. Keate's counsel) appeared and answered on May 16,[16]
the parties jointly moved for an amended scheduling order on June 3.[17]  The parties
sought an extension of fact discovery until August 23, 2024 for the original parties, and
August 30 for Ms. Anderson.[18]  The parties proposed an August 30 deadline to file
dispositive motions.[19]  As relevant to this dispute, the motion also stated: "*Parties waive
the option to identify expert witnesses*; the parties' claims, unless dispositive motions
are pending, will be ready by September 6, 2024 to schedule for trial."[20]  The court
entered the parties' proposed amended scheduling order with minor formatting changes
on June 4, including the statement that "[t]he parties waive the option to identify expert
witnesses."[21]

On August 23, the close of fact discovery for the original parties, Mr. Wright filed
a motion to "vacate or set aside" the amended scheduling order.[22]  In this motion, Mr.
Wright argued—for the first time—that expert testimony was necessary on the issue of

---

[15] (*See* Am. Answer, Jury Demand, Countercl., and Third Party Compl., Doc. Nos. 25, 26, 27.)  Mr. Wright filed his amended pleading three times on the docket.

[16] (*See* Doc. No. 45.)

[17] (Joint Mot. to Amend Scheduling Order, Doc. No. 47.)

[18] (*See id.* ¶¶ 1, 4.)

[19] (*Id.* ¶ 2.)

[20] (*Id.* ¶ 8 (emphasis added).)

[21] (Am. Scheduling Order 2, Doc. No. 48.)

[22] (Mot. to Vacate or Set Aside Scheduling Order, Doc. No. 49.)

whether Mr. Wright's signature had been forged on certain documents.[23]  Mr. Wright also sought to extend fact discovery in order to depose Ms. Keate and Ms. Anderson (neither of whom he had previously deposed) regarding the forgery issue.[24]  On August 26, the court construed Mr. Wright's motion as a motion for an amended scheduling order and found it deficient, noting it did not identify the current deadlines he sought to extend, nor did it propose new deadlines.[25]  The court permitted Mr. Wright to file a new motion to correct these deficiencies, and noted he must state good cause for any requested extensions.[26]

The next day, August 27, Mr. Wright filed the instant motion to amend the scheduling order,[27] and the court set expedited briefing deadlines.[28]  Meanwhile, Ms. Keate filed a motion for summary judgment on August 30,[29] the deadline to do so under the current, amended scheduling order.[30]  After Mr. Wright's motion was fully briefed, the court held a hearing on September 16, 2024.[31]  As noted, Mr. Wright withdrew his

---

[23] (*Id.* at 2–4.)

[24] (*Id.* at 4.)

[25] (*See* Docket Text Order, Doc. No. 51.)

[26] (*Id.*)

[27] (Mot., Doc. No. 52.)

[28] (*See* Doc. Nos. 53, 58.)

[29] (*See* Pl. Margaret Keate's Mot. for Summ. J., Doc. No. 54.)

[30] (*See* Am. Scheduling Order ¶ 2, Doc. No. 48.)

[31] (*See* Min. Entry, Doc. No. 61.)

request for an extension of fact discovery at the hearing.[32]  Therefore, the analysis
below addresses only his request to permit expert discovery.

<u>LEGAL STANDARDS</u>

A scheduling order "may be modified only for good cause and with the judge's
consent."[33]  "In practice, this standard requires the movant to show the scheduling
deadlines cannot be met despite the movant's diligent efforts."[34]  This standard
"obligates the moving party to provide an adequate explanation for any delay."[35]

In exercising its discretion, the court considers the relative diligence of the party
seeking the change, whether the need for more time was foreseeable or the fault of the
moving party, whether refusing the continuance creates a "substantial risk of unfairness"
to the party seeking modification, and whether the party opposing modification might be
prejudiced.[36]  "Mere failure on the part of counsel to proceed promptly with the normal
processes of discovery and trial preparation . . . should not be considered good
cause."[37]

---

[32] (*See id.*)

[33] Fed R. Civ. P. 16(b)(4).

[34] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting
*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir.
2014)).

[35] *Id.* (citation omitted).

[36] *Id.*

[37] *Id.* at 989 (citation omitted).

<u>ANALYSIS</u>

In his motion, Mr. Wright argues expert discovery should be permitted because one of the "pivotal issues" in this case is whether Ms. Keate and Ms. Anderson forged his signature to "wrongfully use his identity in managing" the disputed company.[38]  Mr. Wright states that discovery has revealed documents which appear to contain his forged signature, and he intends to retain and designate a handwriting expert on this issue.[39] Mr. Wright also argues his counsel's obligations in other cases and recent health issues prevented him from completing discovery within the current deadlines.[40]  While these latter arguments appear to relate primarily to the withdrawn request to extend fact discovery, they are considered to the extent they are relevant to the Mr. Wright's request for expert discovery.

In opposition, Ms. Keate and Ms. Anderson argue Mr. Wright waived the opportunity to designate an expert witness in this case, pointing to the express waiver in the June 2024 joint motion to amend scheduling order.[41]  Ms. Keate and Ms. Anderson contend Mr. Wright was aware of the forgery issue at least as of January 2024, when he amended his pleadings to include forgery allegations and propounded discovery requests with two attached documents which he claimed contained his forged

---

[38] (Mot. 4, Doc. No. 52.)

[39] (*Id.*)

[40] (*See id.*; Reply 4, Doc. No. 59.)

[41] (*See* Opp'n 5, Doc. No. 57.)

signature.[42]  In light of the June 2024 waiver, Ms. Keate and Ms. Anderson argue Mr. Wright has not demonstrated good cause to permit him to retain and designate an expert at this stage.[43]  Ms. Keate and Ms. Anderson also argue Mr. Wright has not been diligent in pursuing discovery generally, asserting Mr. Wright has never requested deposition dates for either of them.[44]

In his reply and at the hearing, Mr. Wright argued his June 2024 waiver of "the option to identify expert witnesses" was not a waiver of his ability to rely on expert witnesses in this case.[45]  Instead, Mr. Wright's counsel argued he understood this language as a waiver of the specific expert disclosure and reporting requirements of the federal rules.[46]  Mr. Wright notes this language was drafted by Ms. Keate's and Ms. Anderson's counsel and provided to Mr. Wright's counsel only hours before the parties' deadline to propose an amended scheduling order—and Mr. Wright's counsel reviewed it only briefly while traveling.[47]  According to Mr. Wright's counsel, he believed he could still rely on expert testimony at trial, and he planned to disclose an expert witness at some unspecified time before trial to avoid unfairly surprising Ms. Keate and Ms.

---

[42] (*See id.* at 3; *see also* Am. Answer, Jury Demand, Countercl., and Third Party Compl. ¶¶ 26–27, Doc. Nos. 25, 26, 27.)

[43] (*See* Opp'n 4, Doc. No. 57.)

[44] (*See id.* at 3–4.)

[45] (*See* Reply 2, 7–8, Doc. No. 59.)

[46] (*See id.*)

[47] (*See id.* at 2, 8–9.)

Anderson.  Mr. Wright characterizes the language of the waiver as "ambiguous,"[48] and contends his counsel reasonably interpreted it as simplifying the expert discovery process rather than foreclosing expert witnesses altogether.[49]

The record supports a finding that the parties, including Mr. Wright, waived their ability to rely on expert witnesses in this case.  "A waiver is the intentional relinquishment of a known right."[50]  "To constitute a waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it."[51]  Here, the parties stated at the outset (in their attorney planning meeting report) that they did not anticipate needing expert witnesses in this case,[52] and the original scheduling order did not include any expert discovery period.[53]  The parties then expressly waived "identification of expert witnesses" in their joint motion to amend the scheduling order, and indicated the case would be ready for trial following fact discovery and dispositive motions.[54]  Given their prior representation that expert testimony was unnecessary, the only reasonable interpretation of this language is as a waiver of the parties' ability to rely on expert witnesses in this case.

---

[48] (*Id.* at 2, 6, 8.)

[49] (*Id.* at 2, 6–8.)

[50] *Derma Pen, LLC v. 4EverYoung Ltd.*, 76 F. Supp. 3d 1308, 1323 (D. Utah 2014) (quoting *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993))).

[51] *Id.* (quoting *Soter's*, 857 P.2d at 942).

[52] (*See* Att'y Plan. Meeting Rep. 4, Doc. No. 10.)

[53] (Scheduling Order 3, Doc. No. 13.)

[54] (Joint Mot. to Amend Scheduling Order ¶ 8, Doc. No. 47.)

Mr. Wright's arguments to the contrary are perplexing.  Mr. Wright's counsel fails to satisfactorily explain how he expected to rely on expert testimony without complying with expert disclosure requirements, providing expert reports, or conducting (or permitting opposing parties to conduct) expert discovery—all after representing that no expert testimony was necessary in this case.  Mr. Wright's counsel also provides no authority supporting the proposition that compliance with the federal rules may be waived in the manner he suggests.  To the extent counsel argues the waiver language is ambiguous, he did not attempt to clarify it before agreeing to it.  Nor did he disclose his intent to rely on an expert witness notwithstanding the waiver and his prior representation.  For all these reasons, the record supports a conclusion that Mr. Wright expressly waived his ability to rely on expert witnesses in this case.

Moreover, regardless of whether he waived expert testimony, Mr. Wright's motion fails because he has not demonstrated good cause to amend the scheduling order to permit expert designations and discovery at this stage.  At the hearing, Mr. Wright's counsel conceded he knew of the need for an expert witness on the forgery issue early in the case—well before the June 2024 amended scheduling order.  Mr. Wright's counsel then stipulated to an amended scheduling order which did not include any expert discovery or procedures for designating expert witnesses, and which indicated the case would be ready for trial immediately following fact discovery and dipositive motions.  Mr. Wright then waited several more months—until the last day of fact discovery and one week before the deadline to file dispositive motions—to seek modification of the scheduling order to permit expert designations and discovery.  At no point before this did Mr. Wright's counsel disclose his intent to designate a handwriting

expert or correct his prior representation that no experts were necessary, despite (by his own admission) knowing early in the case that such an expert was necessary.

This course of conduct demonstrates a lack of diligence and a disregard for the "normal processes of discovery and trial preparation."[55]  Mr. Wright's counsel foresaw the need for an expert early in the case, yet neglected to seek modification of the scheduling order to include expert-related deadlines.  Instead, he first addressed the issue on the last day of fact discovery, and one week before the dispositive motions deadline—while, in the meantime, agreeing to an amended scheduling order *without* expert discovery provisions.  Lawyers may neither disregard the expert disclosure and discovery procedures in the federal rules, nor schedules they agree to and the court orders.  Significantly, Mr. Wright's delay in seeking modification is also prejudicial to Ms. Keate—who prepared and filed a motion for summary judgment based on the existing evidence under the current schedule, with no notice that Mr. Wright intended to rely on an expert until one week before her motion was due.  No doubt, denial of Mr. Wright's modification request may also prejudice his case, but this unfortunate result cannot be characterized as "unfair" under these circumstances.[56]

For these reasons, Mr. Wright has not demonstrated good cause to modify the scheduling order to permit expert designations or discovery.

---

[55] *Tesone*, 942 F.3d at 989.

[56] *Cf. id.* at 988 ("[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." (alteration in original) (internal quotation marks omitted)).

<u>CONCLUSION</u>

Mr. Wright's motion for amended scheduling order[57] is denied.  Because the dispositive motion deadline passed while his motion was pending, Mr. Wright may file a dispositive motion within fourteen days of the date of this order.

DATED this 24th day of September, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[57] (Doc. No. 52.)